## Case No. 3,556.

### The DAN BROWN.

[9 Ben. 309.] [1]

District Court, E. D. New York. Jan. Term, 1878.

ADMIRALTY PRACTICE — MARSHALING OF ASSETS— LIEN UNDER STATE LAW.

1. The lien of a material man for repairs, arising under the law of the state of New York, *held* entitled to priority of payment out of the proceeds of the sale of a vessel under order of court, over a claim for towage services.

2. The present rules and the decisions of the supreme court create no distinction between the liens on a domestic vessel given by the local law, and liens under the general maritime law.

BENEDICT, District Judge. The question presented in these cases relates to the order of payment out of the proceeds of a domestic vessel, sold under the decree of this court in an action in rem. In the first-named case, the libellant has a lien arising out of a towage service performed for the vessel. In the second case the libellant's claim arises out of repairs done to the vessel, for which repairs the law of the state of New York gives a lien upon the vessel. The towing service was performed prior to the making of the repairs, and the libel for the towing was filed prior to the libel of the material man.

Were the vessel foreign, there would be no doubt that the claim of the material man would be held entitled to priority in payment over the towage claim. Equity would require that the labor and material of the shipwright, which were necessary to the preservation and had gone to increase the value of the security, should not be postponed in order of payment to an antecedent lien for towage. This equitable consideration has often been resorted to in determining the question of priority in admiralty cases. The Jerusalem [Case No. 7,294].

The present case is supposed to require the application of a different rule, owing to the fact that as the vessel is a domestic vessel the lien of the material man is derived from the law of the state, while the lien for tow-

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

age is given by the maritime law. I am unable to see any substantial difference in character between a lien upon a vessel arising out of a maritime contract, and given by the maritime law, and a lien arising out of a maritime contract and given by the law of the state.

The benefit to the vessel is the same in both cases. The relation of the repairs to the employment of the vessel is the same in both cases. The character of the labor and material is alike in both, and resort to the same process for enforcement is open to both. Nor do I understand the effect of the decisions and rules of the supreme court of the United States to be to create a distinction between these two classes of demands. On the contrary those decisions and rules give to a lien engrafted by the state law upon a maritime contract the same standing in a court of admiralty as that possessed by liens arising under the general maritime law. And according to my recollection of the practice, no such distinction was recognized in determining the question of priority where liens given by the local law were enforced in the admiralty before the change of the twelfth admiralty rule in 1844.

There are decided cases since the first change of the twelfth rule in which a priority has been given to maritime liens over liens given by the local law, but so far as I know all those cases were decided while the law was that no lien given by the local law could be enforced in admiralty. Under such a law there was room for a distinction which cannot now be drawn, as according to the present law, the two classes of liens under consideration stand on the same footing in regard to their enforcement by a court of admiralty.

I am unable therefore to find any ground for refusing to accord to a lien for materials given by the state law the same rank accorded to liens given by the maritime law for like services.

In this case then the fact that the vessel was domestic has no effect upon the question of priority, and that question must be determined according to the general rule applied to maritime liens. Inasmuch therefore as the repairs done to this boat were made while the boat was subject to the lien for towage and by so much increased the value of the security, payment for such repairs should be made before paying the bill for towage.

---

DANBURY & NORWALK R. CO. (RAYMOND v.). See Case No. 11,593.

DANDRIDGE (BANK OF THE UNITED STATES v.). See Case No. 914.

DANDRIDGE (WILSON v.). See Case No. 17,801.